### THE STATE v. JOHN S. TURNER.

Argued February 23, 1905—Decided June 12, 1905.

1. An indictment for attempting to defraud a certain corporation will not be quashed merely because the foreman of the grand jury which presented the indictment was a stockholder in the corporation and another member of the grand jury was a stockholder and director of the corporation, even though the prosecution of the defendant was authorized by a resolution of the board of directors, it not appearing that either of these grand jurors had taken any part or was actuated by any motive in the prosecution other than such as their public duty required.

2. When it appears by the record that a grand jury organized in the Oyer has presented indictments in the Quarter Sessions, it will be assumed, in the absence of proof to the contrary, that there was not any justice of the Supreme Court then present at the court house.

3. The allegations in the indictment now under consideration sufficiently charge an offence within section 175 of the Crimes act. *Pamph. L.* 1898, *p.* 794.

On motion to quash indictment.

Before Justices Dixon, Garrison and Swayze.

For the state, *J. Hampton Fithian,* prosecutor of the pleas.

For the defendant, *Edward A. Armstrong.*

The opinion of the court was delivered by

Dixon, J.    The defendant moves to quash an indictment found against him in Cumberland county in October, 1904. The indictment is based upon section 175 of the Crimes act of 1898 (*Pamph. L., p.* 794), and charges that the defendant, being treasurer of the J. F. Brady Company, a corporation of this state, with intent to induce the Cumberland Trust Company, a corporation of this state, to entrust and advance large sums of money to the Brady company, did publish to the trust company a certain written statement and account (set

out fully in the indictment), which statement and account he (the defendant) well knew to be false in a material particular, to wit, in that it represented that the total liabilities of the Brady company were $33,650, and that the said company was solvent to the amount of $42,650, whereas in truth the total liabilities of said company were $80,000, and it was insolvent to the amount of $20,000, as the defendant well knew.

The first reason urged in support of the motion is that the foreman of the grand jury which presented the indictment was a stockholder in the trust company, and another member of the jury was a stockholder and director of the same company, and that this prosecution of the defendant was authorized by a resolution of the board of directors of that company.

In *Gibbs* v. *State,* 16 *Vroom* 379, Chief Justice Beasley, in delivering the opinion of the court respecting a plea in abatement which alleged ill will and malice against the defendant on the part of certain of the grand jurors, and malicious misconduct in the sheriff in selecting the jury, said that upon such facts, presented in a motion to quash, the court would, in the exercise of its discretion, quash the indictment. But it is noticeable that he was there speaking of a cause of principal challenge, *propter affectum,* which does not appear in the present case. Here it is not alleged that either of the jurors took any part or was actuated by any motive in the prosecution of the defendant other than such as their public duty dictated.

Their interest in the corporation which the defendant is charged with having attempted to defraud is the sole basis of the argument. The opinion of this court, delivered in *State* v. *Rickey,* 5 *Halst.* 83, furnishes a complete answer to this contention, it being there decided that such interest did not at all affect the qualification of the juror.

The second reason alleged is that the indictment was not properly presented because, although the grand jury which presented the indictment had been organized in the Oyer, the indictment was brought into the Quarter Sessions and it does not appear that there was not then some justice of the Su-

preme Court present at the court house, the absence of all of those justices being, it is claimed, a necessary condition under section 6 of the Criminal Procedure act of 1898. *Pamph. L., p.* 866. This argument ignores the maxim *omnia præsumuntur rite acta esse,* which is applicable to all courts of general jurisdiction, so far as they deal with matters that might legally come within their cognizance. There is nothing before us to overcome that presumption.

The third ground for the motion is that the indictment is defective because the written statement and account to which it relates appears on its face to be addressed, not to the Cumberland Trust Company, but to "Mr. Ware," and to be intended to induce Mr. Ware or his people not to entrust or to advance money to the Brady company, but to extend further credit to that company on an indebtedness previously contracted.

But although these propositions may be true, regard being had to the "statement and account" alone, yet if the "statement and account" be supplemented by the allegation of the indictment, then the charge clearly is that the defendant, being treasurer of the Brady company, made to the trust company a written statement and account purporting to show the assets and liabilities of the Brady company, which he knew to be false in the material particulars mentioned, and that he did this with the intent to induce the trust company to entrust and advance money to the Brady company. It certainly was not impracticable for the defendant to lay before the trust company, with intent to induce that company to advance money to the Brady company, a financial exhibit which had been prepared for Mr. Ware, and for a different purpose. The charge made in the indictment, we think, accords with the statute.

The motion to quash must therefore be denied.